## Arza Hayward *vs.* Richard Sedgley, *et al.*

A tenant at will, in actual possession of the land, may maintain an action of trespass, *quare clausum*, against a stranger to the title, for cutting and carrying away trees.

The action, was *trespass quare clausum,* for cutting down and carrying away a quantity of wood standing thereon ; and came before the Court on an agreed statement of facts. On *December* 24, 1832, the plaintiff acquired a title by deed to the premises, where the trees were cut, and has occupied and improved the same ever since. In *January,* 1833, the plaintiff, by an absolute deed, conveyed the same premises to *James Bolton.* If parol testimony be admissible for that purpose, the plaintiff can prove by *Bolton,* that the conveyance to him, though absolute in its terms, was intended only as a mortgage to secure a sum of money, which had been repaid after the commencement of the suit, though no conveyance back had taken place. The defendants cut and carried away the trees after the conveyance to *Bolton,* but claimed no title under him. A default was to be entered, if the plaintiff was entitled to recover, and if not, a nonsuit.

*D. Williams,* for the plaintiff, insisted, that the plaintiff, as tenant at will in the actual occupation, can maintain this action against mere strangers, as the defendants are. *Starr* v. *Jackson,* 11 *Mass. R.* 519.

Parol evidence is admissible to show, that both the plaintiff and *Bolton* admit the conveyance to be a mortgage. The defendant cannot set up, that a third person owns the land, against his express admission. *Smith* v. *Tilton*, 1 *Fairf.* 350 ; *Gardiner Man. Co.* v. *Heald*, 5 *Greenl.* 381.

*Vose*, contended, that as the injury was done to the freehold, a mere tenant at will, such as the plaintiff is, though in possession, cannot maintain an action of trespass for it. *Starr* v. *Jackson*, 11 *Mass. R.* 519, cited for the plaintiff; *Com. Dig. Trespass, B.* 2 ; 2 *Roll. Ab.* 551, § 47.

The authorities are uniform, that parol evidence cannot be admitted to change a deed, on its face absolute, into a mortgage. *Mease* v. *Mease*, 1 *Cowper*, 47 ; *Meres* v. *Ansell*, 3 *Wilson*, 275 ; *Flint* v. *Sheldon*, 13 *Mass. R.* 443 ; *Stackpole* v. *Arnold*, 11 *Mass. R.* 27 ; *Hale* v. *Jewell*, 7 *Greenl.* 435.

The opinion of the Court, after a continuance, was prepared by

SHEPLEY J. — The plaintiff, at the time the trespass was committed, was in the actual possession of the premises, although he had before that time conveyed the same to a third person, who has never entered into possession.

Possession is sufficient to maintain this action. And any possession is a legal possession against a wrongdoer. 1 *East*, 244, *Graham* v. *Peat*. The objection in this case is, that the injury is to the freehold, and that the owner only can maintain the action for such an injury. But the cases cited and relied upon, tend only to shew, that the owner may have his action for his injury, although there be a tenant in possession ; not that the tenant may not also have his action for his injury. The case in the *Year Book*, 19 *Hen.* 6, 45, decides, that a tenant at will may have an action for injury to the soil, and the landlord also for his injury. The same rule applies to the cutting of trees. If trees are cut upon the land of tenant at will, he may have an action of trespass. *Roll. Ab. Trespass, n.* 4 ; *Com. Dig. Trespass, B,* 2. The principle is quite explicitly stated in *note* 2, *Co. Lit.* 57, *a.* "If a stranger cuts trees, the tenant at will shall have an action, as shall also the lessor, regard being had to their several losses."

Whether the owner can in this case, maintain an action of tres-

pass, it is not now necessary to decide. It has been decided in *Massachusetts*, that he can, 11 *Mass. R.* 519, *Starr* v. *Jackson;* and in *New York* that he cannot. 1 *Johns. R.* 511, *Campbell* v. *Arnold.*

No question is raised in the case respecting the amount of damages, and the plaintiff being entitled to maintain the action, the defendants, according to the agreement, are to be defaulted.